IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:14-CV-62736-BB

MAITHE M. CURBELO,
and other similarly-situated individuals,

    Plaintiffs,

v.

AUTONATION BENEFITS
COMPANY, INC., a Florida Profit Corporation,

    Defendant.
_____/

**DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY
JUDICIAL PROCEEDINGS AND, IF ARBITRATION IS DENIED,
FOR ENLARGEMENT OF TIME TO RESPOND TO COMPLAINT**

The defendant, AutoNation Benefits Company, Inc. ("AN Benefits Company"), respectfully moves this Court, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16, to stay the current judicial proceedings and to compel the plaintiff, Maithe M. Curbelo ("Curbelo"), to arbitrate the claim raised in this case against her former employer, AN Benefits Company. Pursuant to Southern District of Florida Local Rule 7.1, counsel for AN Benefits Company has requested that Curbelo agree to arbitration, but she has refused to do so.

In the unlikely event that the Court denies this Motion to Compel Arbitration and Stay Judicial Proceedings, then AN Benefits Company respectfully requests that its response to the Amended Complaint be due to be served within 10 days of the date of such denial by the Court. As grounds for its motion, AN Benefits Company states as follows:

**FACTS**

On April 6, 2011, AN Benefits Company offered to employ Curbelo, contingent in part upon her electronic signature on an Arbitration Agreement, to be obtained on the first day of

employment. Curbelo accepted that offer on April 11, 2011. A copy of the redacted offer letter executed by Curbelo is attached as Exhibit A. When Curbelo began her employment with AN Benefits Company on May 3, 2011, she electronically signed the Arbitration Agreement. A copy of the Arbitration Agreement is attached as Exhibit B. Pursuant to the Arbitration Agreement, Curbelo agreed to "binding arbitration to resolve all disputes that may arise out of the employment context." *See* Exhibit B, p. 1.

Notwithstanding Curbelo's agreement to arbitrate all employment-related disputes, including class or collective actions, she filed the instant complaint in district court, on behalf of herself and "other similarly situated individuals," alleging unpaid wages under the Fair Labor Standards Act. The language in the Arbitration Agreement is clear and unambiguous and requires that Curbelo's claim in this case be submitted to binding arbitration. Curbelo, however, has refused to arbitrate. This Court should therefore compel this matter to arbitration and stay the civil proceedings until the arbitration process has been completed.

## MEMORANDUM OF LAW

### I. The FAA Requires Arbitration of Plaintiff's Claim

Any written agreement to arbitrate "evidencing a transaction involving commerce" is "valid, irrevocable, and enforceable" under the Federal Arbitration Act ("FAA"), "save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The burden is on the party opposing arbitration to proffer evidence demonstrating that the agreement is invalid. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000); *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 637 F.2d 391, 398 n.12 (5th Cir. 1981); *Aronson v. Dean Witter Reynolds, Inc.*, 675 F. Supp. 1324, 1325-26 (S.D. Fla. 1987).

Pursuant to the FAA, a claim is arbitrable if the following three criteria are satisfied. First, there must be a valid agreement to arbitrate. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985); *Miller v. Drexel Burnham Lambert, Inc.*, 791 F.2d 850, 854 (11th Cir. 1986). Second, the claim must fall within the scope of the arbitration agreement. *Mitsubishi Motors Corp.*, 473 U.S. at 626; *Kidd v. Equitable Life Assurance Society of the United States*, 32 F.3d 516, 518-20 (11th Cir. 1994). Third, the claim, if a statutory claim, must not be one which the legislative body enacting it intended to be precluded from arbitration. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991); *Mitsubishi Motors Corp.*, 473 U.S. at 627-28.

Because all three criteria are clearly satisfied in the instant case, this Court is required to issue an order compelling arbitration of Curbelo's claim. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.") (emphasis in original); *John B. Goodman Ltd. P'ship v. THF Constr., Inc.*, 321 F.3d 1094, 1095 (11th Cir. 2003) ("Under the FAA, 9 U.S.C. § 1 *et seq.*, a district court must grant a motion to compel arbitration if it is satisfied that the parties actually agreed to arbitrate the dispute."). An arbitration agreement substantially similar to Curbelo's was upheld by this Court in *Ramirez v. Defendants*, Inc., 2008 WL 2916278 (S.D. Fla. July 25, 2008).

### A.     The Mutual Agreement to Arbitrate Is Valid.

Pursuant to the terms of the Arbitration Agreement, both Curbelo and AN Benefits Company agreed that:

> Any claim, dispute, and/or controversy (including, but not limited to, any claims of discrimination and harassment, whether they be based on state

>law, Title VII of the Civil Rights Act of 1964, as amended, as well as all other state and federal laws or regulations) that the Employee or the Company may have against the other shall be submitted to and determined by binding arbitration under the Federal Arbitration Act, in conformity with the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the substantive law governing the claims pled.

The Arbitration Agreement also expressly includes all class claims. Curbelo agreed to those terms when she signed the Arbitration Agreement at the time she was hired.[1] Thus, there is a valid agreement to arbitrate between the parties

### B.    Plaintiff's FLSA Claim Is Within the Scope of the Arbitration Agreement

In the Arbitration Agreement, Curbelo agreed to arbitrate any claim, dispute, and/or controversy against AN Benefits Company, whether based on state or federal laws or regulations, including individual and class claims "arising from, related to, or having any relationship or connection whatsoever with Employee's seeking employment with, employment by, termination of employment, or other association with the Company, whether based on tort, contract, statutory, or equitable law, or otherwise." *See* Exhibit B. Curbelo's claim for unpaid wages under the FLSA thus falls directly within the scope of the Arbitration Agreement. *See Sammons v. Sonic-North Cadillac, Inc.*, 2007 WL 2298032, *3 (M.D. Fla. Aug. 7, 2007)

---

[1] *See* § 668.004, Fla. Stat. ("[A]n electronic signature may be used to sign a writing and shall have the same force and effect as a written signature."); Uniform Electronic Transaction Act, § 668.50, Fla. Stat.; 29 U.S.C. § 7001. Curbelo provided her consent to use her electronic signature after full disclosure by typing in her name, entering the last five digits of her Social Security Number, and then clicking the "My Signature" button at the bottom of the page. *See* Exhibit B, p. 3 (SSN redacted). Moreover, the FAA does not require a signature in order to be binding. *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1369-70 (11th Cir. 2005). All that is required is that the arbitration provision be in writing. *Id.*; *see also Thompson-CSF S.A. v. American Arbitration Ass'n*, 64 F.3d 773, 776 (2nd Cir. 1995) (parties may be bound to unsigned, written arbitration agreements as long as ordinary contract principles are satisfied); *Gonzalez v. Toscorp, Inc.*, 1999 WL 595632, *2 (S.D.N.Y. 1999) (employee was bound to arbitration agreement in handbook and alternative dispute policy even though he never signed the acknowledgment of receipt for either); *Todd Haberman Construction Inc. v. Epstein*, 70 F. Supp.2d 1170, 1175 (D. Col. 1999) (holding that a written arbitration agreement does not have to be signed to be enforceable).

(interpreting an agreement by the parties to arbitrate "all disputes which may arise out of the employment context" and "any claim, dispute, and/or controversy ... related to ... [my] employment" as covering plaintiff's FLSA claims, even though agreement did not specifically reference the FLSA); *Bolamos v. Globe Airport Sec. Servs., Inc.*, 2002 WL 1839210, *2 (S.D. Fla. May 21, 2002) (compelling arbitration of FLSA claim where arbitration agreement provided for arbitration of "all matters directly or indirectly related to your ... employment").

Further, Curbelo's statutory claim under the FLSA does not involve rights which Congress did not intend to be subject to arbitration. Federal courts, including the Eleventh Circuit, have unambiguously established that FLSA claims are subject to arbitration. *See, e.g., Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359 (11th Cir. 2005); *Montes v. Shearson Lehmon Bros., Inc.*, 128 F.3d 1456, 1458 (11th Cir. 1997); *Bolamos*, 2002 WL 1839210 * 2; *Sammons*, 2007 WL 2298032 *4; *see also Carter v. Countrywide Credit Industries, Inc.*, 362 F.3d 294, 297-298 (5th Cir. 2004); *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 506 (4th Cir. 2002); *Horenstein v. Mortgage Mkt., Inc.*, 9 Fed. Appx. 618, 619 (9th Cir. 2001); *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319-320 (9th Cir. 1996).

Because Curbelo's FLSA claim is within the scope of the Arbitration Agreement and was not intended to be exempted from arbitration, arbitration must be compelled.

### C.   Plaintiff Has Refused to Arbitrate Her Claim

The final inquiry for the Court is whether Curbelo has refused to arbitrate her claim. "[A]n action to compel arbitration under the Federal Arbitration Act accrues only when the respondent unequivocally refuses to arbitrate, either by failing to comply with an arbitration demand or by otherwise unambiguously manifesting an intention not to arbitrate the subject matter of the dispute." *PaineWebber, Inc. v. Faragalli*, 61 F.3d 1063, 1066 (3d Cir. 1995).

5

In this case, Curbelo has refused to arbitrate her claim by filing this federal court action, and by not agreeing to voluntarily submit her claim to arbitration after she was requested to do so.

WHEREFORE, AN Benefits Company respectfully requests that the Court enter an Order compelling arbitration and staying judicial proceedings. In the unlikely event that the Court denies this Motion to Compel Arbitration and Stay Judicial Proceedings, then AN Benefits Company respectfully requests that its response to the Amended Complaint be due to be served within 10 days of the date of such denial by the Court.

Date:  January 15, 2015

Respectfully submitted,

By:   /s/Cathy M. Stutin
Cathy M. Stutin
Fla. Bar No. 856011
cstutin@laborlawyers.com
FISHER & PHILLIPS
450 East Las Olas Boulevard, Suite 800
Fort Lauderdale, FL 33301
Telephone (954) 525-4800
Facsimile (954) 525-8739

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on **January 15, 2015**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day to all counsel of record identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF and/or via U.S. Mail.

/s/ Cathy M. Stutin
Cathy M. Stutin
Fla. Bar No. 865011
cstutin@laborlawyers.com
FISHER & PHILLIPS
450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, FL 33301
Telephone (954) 525-4800
Facsimile (954) 525-8739

*Attorney for Defendant*

## SERVICE LIST

### United States District Court – Southern District of Florida
### Case No.: 0:14-CV-62736-BB

Anthony Georges-Pierre, Esquire
agp@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Suite 2200
Miami, Florida 33130
Telephone (305) 416-5000
Facsimile (305) 416-5005

*Attorney for Plaintiffs*

Cathy M. Stutin, Esquire
cstutin@laborlawyers.com
FISHER & PHILLIPS LLP
450 East Las Olas Boulevard
Suite 800
Ft. Lauderdale, Florida 33301
Telephone:   (954) 525-4800
Facsimile:   (954) 525-8739

*Attorney for Defendant*

# AutoNation

Via FedEx Trk#7946-1968-6650

April 6, 2011

Ms. Maithe Curbelo
38000 NW 84th Way
Cooper City, FL 33024

Dear Maithe:

Congratulations! It is my pleasure to extend an offer of employment for you to join the AutoNation team! We were impressed with your skills and accomplishments and feel your background and experience is a good match for our present needs. The terms of your employment offer are as follows.

- **Position Title:**  Administrative Assistant for AN Benefit Company

- **Effective Date:** To be determined

- **Rate of Pay:**

- **Reporting to:** Gene Clayton

- **401(k) Plan:** You will be eligible to participate in the AutoNation 401(k) Plan after receiving your first paycheck and completing the enrollment process with Wells Fargo. An information kit will be mailed to your home approximately 30 days following date of hire.

- **Vacation Benefit:** Associates accrue vacation time on a per pay period basis at a rate commensurate with their length of service with the Company. You will be eligible for 12 days of vacation per year. Future year vacation eligibility will be determined by the Company's policy in effect at that time.

- **Benefits Eligibility:** You will be eligible to participate in AutoNation's group insurance programs effective on the first day of the month coincident with or following completion of one (1) month of service. Full information about our benefits plan will be provided to you at a later date. Associates planning to enroll dependents in AutoNation's health insurance plan will be required to submit proof of dependency for those dependents within 30 days of enrollment. Proof of dependency includes marriage and birth certificates. Failure to provide dependent certification will result in those dependents not being eligible for health insurance benefits until next benefit enrollment period.

- **Drug Screening:** This offer is contingent upon the successful completion of the Company's hair analysis drug screening process. This process tests back 90 days for all illegal drugs. Please see the enclosed Drug Test Information Sheet for specific details on the drug testing process.

- **Background Verification:** This offer is contingent upon the successful completion of the Company's background verification process. Once you accept this offer, you will be invited to complete the background consent form online.

- **Confidentiality, No-Solicit/No-Hire & Non-Compete Agreement and Arbitration Agreement:** This offer is contingent upon your electronic signature to be obtained on the first day of employment. Copies are enclosed for your reference.

**EXHIBIT A**

Ms. Maithe Curbelo
April 6, 2011
Page 2 of 2

- **At-Will Employment:** This letter is not a guarantee of continued employment nor does it in any way abridge the employment-at-will relationship that exists between the Company and its employees, nor does it create a contractual relationship. Management retains the right to terminate employment of any associate with or without notice and with or without reason. Similarly, the associate also has the right to terminate employment with or without notice and with or without reason.

- **Employment Eligibility Verification:** This offer is contingent upon your ability to produce acceptable documents that establish identity and employment eligibility (U.S. Department of Justice Form I-9). The Company requires you to produce these documents on your first day of employment. For your reference, enclosed is a list of acceptable documents.

- **Parking:** You will have the opportunity to park in the AutoNation headquarters garage for $10.00 per pay period. This is a covered and secured parking facility. If elected, the parking fee will be deducted from your paycheck on a semi-monthly basis. Associates who take the bus or other means of transportation to work will not be charged, but will not have access to the parking garage.

Please indicate your acceptance of these terms and conditions by signing below and on the enclosed copy. You have seven (7) calendar days from the mailing date of this offer letter to consider and accept by signing and returning the original in the envelope provided.

We are pleased to announce that AutoNation has now automated the hiring process where candidates will be able to complete their paperwork online. Should you have any questions about this new process once you receive the link, please feel free to call me at (954) 769-3362. We look forward to having you join the AutoNation team!

Sincerely,                                              Accepted:

_Diana Anderson_                                        _Maithe Curbelo_     4/6/2011
Diana Anderson                                          Maithe Curbelo       Date
Manager, Human Resources

cc:   Gene Clayton

# ARBITRATION AGREEMENT

**Arbitration of Disputes.** Both Employee and the Company (herein defined as including its parents, subsidiaries, affiliates, predecessors, successors and assigns, their (including the Company's) respective owners, directors, officers, managers (both direct and indirect), employees, vendors, and agents), acknowledge that the Company promotes a system of alternative dispute resolution that involves binding arbitration to resolve all disputes that may arise out of the employment context. Because of the mutual benefits (such as reduced expense and increased efficiency) which private binding arbitration can provide both the Company and Employee, both the Company and Employee agree that any claim, dispute, and/or controversy (including, but not limited to, any claims of discrimination and harassment, whether they be based on state law, Title VII of the Civil Rights Act of 1964, as amended, as well as all other state or federal laws or regulations) that the Employee or the Company may have against the other shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the substantive law governing the claims pled. This specifically includes any claim, including participation as a class representative or class member on any claim, Employee may have against the Company, which would otherwise require or allow resort to any court or other governmental dispute resolution forum arising from, related to, or having any relationship or connection whatsoever with Employee's seeking employment with, employment by, termination of employment, or other association with the Company, whether based on tort, contract, statutory, or equitable law, or otherwise. By agreeing to this binding arbitration provision, Employee also agrees to give up any right Employee may have to class arbitration or consolidation of individual arbitration claims without the Company's express written consent. The class action waiver referenced in this paragraph does not waive Employee's rights available under Section 7 of the National Labor Relations Act. Employee will not be retaliated against for concertedly challenging the validity of the class action waiver through class or collective actions seeking to enforce Employee's employment rights.

**Claims Excepted From Binding Arbitration.** The sole exceptions to the mandatory arbitration provision are claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims for medical and disability benefits under Workers' Compensation, Unemployment Compensation claims filed with the state, and any claims or disputes arising out of any other written contract(s) between Employee and the Company where the contract specifically provides for resolution through the courts. Nothing herein shall prevent Employee from filing and pursuing administrative proceedings only before the U.S. Equal Employment Opportunity Commission or an equivalent state agency (although if Employee chooses to pursue a claim following the exhaustion of such administrative remedies, that claim would be subject to arbitration).

**Rules of Arbitration.** In addition to requirements imposed by law, any arbitrator herein shall be a retired state or federal court judge, or licensed attorney with arbitration experience, as mutually agreed to by the parties, and shall be subject to disqualification on the same grounds as would apply to a judge of a court of relevant jurisdiction. The arbitrator shall follow controlling law and issue a decision in writing within 45 days of the arbitration hearing with a supporting opinion based on applicable law. If the decision and supporting opinion are not appealed as described below within 90 days of issuance of the decision, then the decision is final, binding and conclusive on the parties and may be entered in any court of competent jurisdiction. At either party's election, such decision and supporting opinion may be appealed to another arbitrator ("Appellate Arbitrator"), who

BB-Gen-2010



shall be chosen in the same manner as described above. The Appellate Arbitrator shall apply to the underlying decision and opinion the same standard for review as for a bench trial of a civil case in the appellate court in the relevant jurisdiction and issue a decision in writing with a supporting opinion based on such review and applicable law. The Appellate Arbitrator's decision shall be final, binding and conclusive on the parties and may be entered in any court of competent jurisdiction.

**Waiver of Jury Trial.** EMPLOYEE AND THE COMPANY UNDERSTAND THAT BY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH GIVE UP THEIR RIGHT TO TRIAL BY JURY OF ANY CLAIM EITHER MAY HAVE AGAINST THE OTHER, EXCEPT AS EXPRESSLY PROVIDED HEREIN.

**Severability.** Should any term or provision, or portion thereof, be declared void or unenforceable or deemed in contravention of law, it shall be severed and/or modified by the arbitrator or court and the remainder of this agreement shall be enforceable.

**Exclusive Agreement.** Any agreement contrary to, or modifying, the foregoing arbitration provisions must be entered into, in writing, by the President of the Company. Oral representations made before or after Employee is hired do not alter this agreement.

**Entire Agreement.** This agreement supersedes any and all prior agreements regarding arbitration, including, but not limited to, any arbitration provisions in employment applications.

MY ELECTRONIC SIGNATURE ATTESTS TO THE FACT THAT I HAVE READ, UNDERSTAND, AND AGREE TO BE LEGALLY BOUND TO ALL OF THE ABOVE TERMS.

Employee's Electronic Signature          Company
On File

                                         _____
                                         By: Coleman Edmunds

BE-Gen-2010

# Electronic Signature Disclosure and Consent

This disclosure requires an electronic or physical signature before it can be submitted. The law requires that we provide certain information to you and obtain your consent to use an electronic signature prior to your doing so. To agree to the use of an electronic signature and to sign this document with the same effect as your physically signing your name, click the My Signature button at the bottom of this page after reviewing both the document and the information regarding the use of electronic signatures.

Information on using electronic signatures in accordance with applicable state and federal laws.

1. You may elect to use and sign a paper version of this document. To use a paper version, print this page from your computer, sign it, and mail to: Abso (ESign Center), 6750 West Oaks Blvd. Suite 100, Rocklin, CA 95765. Your information will not be stored until we receive this document
2. If you do not want to sign this document, do not click My Signature below. Click on the Cancel button to exit this screen.
3. Your agreement to use an electronic signature applies only to this document and this session. If you decide to do other electronic business with us in the future, you will need to separately agree to each transaction.
4. After successful completion of your electronic signature you can obtain paper and/or electronic copies of this document at no cost.

I understand that if I would like a paper copy of this Disclosure and Authorization Form, I may print a copy, or I may request one be mailed to me, by calling Abso at 1-800-943-2589.

I understand that typing my name and entering the last 5 digits of my social security number where indicated below, and then clicking on "My Signature", constitutes my electronic signature executed as of the date and time of submission, and that by doing so:

- I am consenting to the use of electronic means to (i) sign this form, (ii) receive the Disclosure Statement appearing above, and (iii) electronic storage of the underlying documents.

Type Name: Maithe Curbelo          Enter Last 5 digits of your SSN: XXX-X

Signed On: 05/03/2011              Document: Arbitration Agreement V1.1

Please review the information you have entered for completeness and accuracy before applying your electronic signature. If you need to edit any of the information you can do so by clicking the "Cancel" button and returning to the task.