**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 14-CIV-62736-BLOOM/Valle**

MAITHE M. CURBELO,
and other similarly situated individuals,

    Plaintiffs,

vs.

AUTONATION BENEFITS
COMPANY, INC., a Florida Profit Corporation,

    Defendants.

_____/

**ORDER ON MOTION TO COMPEL ARBITRATION**

**THIS MATTER** is before the Court upon Defendant Autonation Benefits Company, Inc.'s ("Defendant") Motion to Compel Arbitration, ECF No. [15] (the "Motion"). The Court has carefully reviewed the Motion, all supporting and opposing submissions, and the record in this case. For the reasons set forth below, the Court grants the Motion.

**I.    FACTUAL BACKGROUND**

Plaintiff Maithe M. Curbelo ("Plaintiff") brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Defendant requests, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), that the Court compel Plaintiff to arbitrate the claims raised in this case.

On April 6, 2011, Defendant extended Plaintiff an offer of employment. Mtn. Exh. A (Employment Offer). That offer was contingent upon Plaintiff's execution, by electronic signature, of confidentiality, no-solicit, non-compete, and arbitration agreements, to be obtained on the first day of her employment. Employment Offer at p. 1. Plaintiff accepted the offer of employment on April 11, 2011. Employment Offer at p. 2. Plaintiff worked for Defendant from

1

on or about May 2011 to on or about August 2013.  ECF No. [1] (Complaint) ¶ 8.  Plaintiff electronically signed an arbitration agreement on May 3, 2011.  Mtn. Exh. B (Arbitration Agreement).  Pursuant to the Arbitration Agreement, Defendant (the "Company") and Plaintiff (the "Employee") agreed that:

> [A]ny claim, dispute, and/or controversy (including, but not limited to, any claims of discrimination and .harassment, whether they be based on state law, Title VII of the Civil Rights Act of 1964, as amended, as well as all other state or federal laws or regulations) that the Employee or the Company may have against the other shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the substantive law governing the claims pled.  This specifically includes any claim, including participation as a class representative or class member on any claim, Employee may have against the Company, which would otherwise require or allow resort to any court or other governmental dispute resolution forum arising from, related to, or having any relationship or connection whatsoever with Employee's seeking employment with, employment by, termination of employment, or other association with the Company, whether based on tort, contract, statutory, or equitable law, or otherwise.  By agreeing to this binding arbitration provision, Employee also agrees to give up any right Employee may have to class arbitration or consolidation of individual arbitration claims without the Company's express written consent.

Arbitration Agreement at p. 1.

## II.     DISCUSSION

### A.     Arbitrability Under the FAA

The FAA provides that pre-dispute agreements to arbitrate "evidencing a transaction involving commerce" are "valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The FAA reflects "a liberal federal policy favoring arbitration."  *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011).

"Under both federal and Florida law, there are three factors for the court to consider in determining a party's right to arbitrate: (1) a written agreement exists between the parties

containing an arbitration clause; (2) an arbitrable issue exists; and (3) the right to arbitration has not been waived." *Sims v. Clarendon Nat. Ins. Co.*, 336 F. Supp. 2d 1311, 1326 (S.D. Fla. 2004) (citing *Marine Envtl. Partners, Inc. v. Johnson*, 863 So. 2d 423, 426 (Fla. 4th DCA 2003) and *Seifert v. U.S. Home Corp.*, 750 So. 2d 633 (Fla. 1999)); *see also Beaver v. Inkmart, LLC*, 2012 WL 3834944, at *2 (S.D. Fla. Sept. 4, 2012) ("In reviewing a motion to compel arbitration, courts must consider three factors: (1) whether a valid written agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitrate was waived."). Where the claim is statutory in nature, the court must consider if the authorizing legislative body intended to preclude the claim from arbitration. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 627 (1985) ("Just as it is the congressional policy manifested in the [FAA] that requires courts liberally to construe the scope of arbitration agreements covered by that Act, it is the congressional intention expressed in some other statute on which the courts must rely to identify any category of claims as to which agreements to arbitrate will be held unenforceable."); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) ("Although all statutory claims may not be appropriate for arbitration, having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue.") (citation omitted).

Faced with a facially valid arbitration agreement, the burden is on the party opposing arbitration to demonstrate that the agreement is invalid or the issue otherwise non-arbitrable. *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 92 (2000) ("[T]he party seeking to avoid arbitration bears the burden of establishing that Congress intended to preclude arbitration of the statutory claims at issue."); *In re Managed Care Litig.*, 2009 WL 856321, at *3 (S.D. Fla. Mar. 30, 2009) ("It is the burden of the party challenging a facially valid arbitration agreement to demonstrate that the agreement is in fact unconscionable.")

"By its terms, the [FAA] leaves no room for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 213 (1985) (emphasis in original). Thus, if the aforementioned criteria are met, the Court is required to issue an order compelling arbitration. *John B. Goodman Ltd. P'ship v. THF Const., Inc.*, 321 F.3d 1094, 1095 (11th Cir. 2003) ("Under the FAA, 9 U.S.C. § 1 *et seq.*, a district court must grant a motion to compel arbitration if it is satisfied that the parties actually agreed to arbitrate the dispute."); *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1366 (11th Cir. 2008) ("The role of the courts is to rigorously enforce agreements to arbitrate.") (citation omitted).

### B. The Arbitration Agreement is Valid and Enforceable

Plaintiff challenges the validity of the Arbitration Agreement as procedurally and substantively unconscionable. Plaintiff further maintains that, by virtue of the class action waiver provision in the Arbitration Agreement, Plaintiff's FLSA claims cannot be subject to arbitration. Plaintiff's arguments are without merit.

#### 1. The Arbitration Agreement is Valid

Because "arbitration is a matter of contract . . . the interpretation of an arbitration agreement is generally a matter of state law." *In re Checking Account Overdraft Litig.* 674 F.3d 1252, 1255 (11th Cir. 2012) (citing *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 66 (2010) and *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 680 (2010)). Under Florida law, "in order to invalidate an arbitration clause, the court must find that it is both procedurally and substantively unconscionable." *Lyalls v. Kauff's, Inc.*, 2007 WL 2320590, at *1 (S.D. Fla. Aug. 10, 2007) (emphasis in original) (citing *Stewart Agency v. Robinson*, 855 So. 2d 726 (Fla. 4th DCA 2003); see also *Powertel, Inc. v. Bexley*, 743 So. 2d 570, 574 (Fla. 1st DCA 1999)

4

(procedural and substantive unconscionability required to invalidate).

Substantive unconscionability requires a showing that the terms of the arbitration agreement are "unreasonable and unfair," *Powertel*, 743 So. 2d at 574, and focuses on whether the arbitration provision is "so outrageously unfair as to shock the judicial conscience." *Prieto v. Healthcare and Retirement Corp. of Am.*, 919 So.2d 531, 533 (Fla. 3d DCA 2005); *see also Steinhardt v. Rudolph*, 422 So. 2d 884, 889 (Fla. 3d DCA 1982) ("[S]ubstantive unconscionability . . . focuses directly on those terms of the contract itself which amount to an outrageous degree of unfairness to the same contracting party."). Procedural unconscionability focuses on "(1) the manner in which the contract was entered into; (2) "whether the complaining party had a meaningful choice at the time the contract was entered into; (3) whether the complaining party had a realistic opportunity to bargain regarding the terms of the contract; and (4) whether he or she had a reasonable opportunity to understand the terms of the contract." *Murphy v. Courtesy Ford, L.L.C.*, 944 So. 2d 1131, 1134 (Fla. 3d DCA 2006) (citing *Gainesville Health Care Ctr., Inc. v. Weston*, 857 So. 2d 278, 288 (Fla. 1st DCA 2003).

Plaintiff suggests that the Arbitration Agreement is procedurally unconscionable by virtue of her having executed it by electronic signature. *See* ECF No. [16] (Response) at 1-2. However, under Florida law, "an electronic signature may be used to sign a writing and shall have the same force and effect as a written signature." Fla. Stat. § 668.004. Plaintiff has not addressed any other issues touching on procedural unconscionability. She has failed to meet her burden to prove that the Arbitration Agreement is invalid on that basis.

Plaintiff argues that the Arbitration Agreement is substantively unconscionable in that it contains a class action waiver. The Eleventh Circuit has squarely addressed this issue. It "conclude[d] that [it] need not reach the questions of whether Florida law would invalidate [a] class action waiver in [a] parties' contract because, to the extent it does, it would be preempted

5

by the FAA." *Pendergast v. Sprint Nextel Corp.*, 691 F.3d 1224, 1236 (11th Cir. 2012).  That is, regardless of whether a class action waiver may be substantively unconscionable under Florida law, in light of the Supreme Court's holding in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1748 (2011) ("Requiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA."), that state rule would be inconsistent with and, thus, preempted by the FAA.

The Arbitration Agreement is therefore valid.

### 2. The FLSA Does Not Preclude Waiver of Class Action Rights

Plaintiff also argues that the class action waiver in the Arbitration Agreement conflicts with Congressional intent to provide a class action remedy under the FLSA.  Plaintiff notes that the FLSA specifically provides for a class action mechanism, 29 U.S.C. § 216, and that Congress provided the class action mechanism to "lower individual costs to vindicate rights by the pooling of resources."  *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).  The Eleventh Circuit has addressed this issue head on as well.  In *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326 (11th Cir. 2014), the Eleventh Circuit considered "whether an arbitration agreement, which waives an employee's ability to bring a collective action under the Fair Labor Standards Act, is enforceable under the Federal Arbitration Act."  *Id.* at 1327.  The court of appeals concluded that:  (1) there was no "contrary congressional command" that would preclude the enforcement of an arbitration agreement with a collective action waiver; (2) the FLSA collective action mechanism does not override the FAA; (3) the FLSA's legislative history does not show that Congress "intended the collective action provision to be essential to the effective vindication of the FLSA's rights;" (4) reviewing the purpose of the FLSA, "enforcement of collective action waivers in arbitration agreements is also not inconsistent with the FLSA;" and (5) ultimately, consistent with all of the circuit courts to address the issue, that the FLSA does

6

not provide for a non-waivable, substantive right to bring a collective action. *Id*. at 1330-37.

Plaintiff's arbitrability argument regarding her waiver, through the Arbitration Agreement, of her collective action rights under the FLSA is directly contrary to Eleventh Circuit precedent.

### III.   CONCLUSION

For the foregoing reasons, the Court grants the Motion. Plaintiff must submit to arbitration in accordance with the Arbitration Agreement.

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Defendant's Motion, ECF No. [15], is **GRANTED**.
2. The parties must **SUBMIT** to arbitration of all claims asserted in this matter in accordance with the Arbitration Agreement.
3. The Court will **RETAIN** jurisdiction for purposes of enforcing this Order.
4. The Clerk is directed the **CLOSE** this matter.  All pending motions are **DENIED AS MOOT**, and any pending deadlines are **TERMINATED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 13th day of February, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:  Counsel of Record